**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL K. GILES,

    Plaintiff - Appellant,

v.

ALTO PARTNERS LLLP,

    Defendant - Appellee.

No. 19-1381
(D.C. No. 1:18-CV-00467-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Samuel K. Giles lives in a subsidized-housing complex that is owned by Alto

Partners, LLLP ("Alto") and operated by Adams County Housing Authority

("ACHA").[1] Giles, who is African American, filed this housing-discrimination

lawsuit against Alto after it denied his application to move to a different unit. Alto

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] ACHA is the sole member of Alto GP, LLC, which is the general partner of Alto. Alto and ACHA frequently acted together during the events underlying this lawsuit. To the extent they acted collectively, we refer to them as "Alto" like the district court did.

told Giles that he did not qualify for the unit based on his income, but Giles questions Alto's motivation—certain that race, not finances, motivated its decision. The district court held that Alto presented a legitimate, nondiscriminatory reason for its decision and rejected Giles's argument that the proffered reason was pretextual. The district court then granted summary judgment to Alto. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Giles lives in a low-income housing community in Westminster, Colorado called Terrace Gardens Apartments. In 2017, ACHA notified residents of a possible redevelopment in the coming years and gave them information on relocation assistance in anticipation of that event. Shortly thereafter, Giles applied to transfer to a specific unit at Alto Apartments, a new complex run by the same owner and management team. Giles had to requalify financially in order to transfer.

Alto denied Giles's application based on his income. Giles is the managing director of his own company, so Alto first evaluated his application based on his net earnings from self-employment. Because Giles reported a net loss for his business in 2016, Alto concluded that his self-employment income did not meet the minimum-income threshold. Alto also looked at whether Giles qualified based on his gross earnings from wages. But the documentation Giles provided contained discrepancies, and he repeatedly refused to provide a 2017 profit-and-loss statement that Alto says was critical to the income-verification process. Alto therefore concluded that Giles did not qualify under that methodology either.

2

Giles disagreed with the manner in which Alto calculated his income and accused Alto of racial discrimination—even though African American and other minority residents make up a substantial part of the population at Alto Apartments, and Alto ultimately rented the unit Giles requested to an African American mother and child. A representative with ACHA offered to personally review Giles's income to search for possible grounds to appeal the denial of his application, but he filed this lawsuit instead. His pro se complaint seeks declaratory and injunctive relief. He asserts claims under Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA"), 42 U.S.C. §§ 3601-3619, as well as state-law claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair housing practices. All of the claims are predicated on the same alleged discriminatory acts.

This is the second appeal in this case. We incorporate by reference our decision in the first appeal, which contains a detailed description of Giles's claims and the facts underlying them. *See Giles v. Alto Partners, LLLP*, 762 F. App'x 505, 506-08 (10th Cir. 2019). In that appeal, we affirmed the district court's order denying Giles's motion for a preliminary injunction. Giles had asked the district court to preclude Alto from renting his desired unit to anyone else pending the resolution of his lawsuit. The district court denied his motion after concluding that (1) Giles is not presently at risk of being displaced from his current residence at Terrace Gardens because any redevelopment will not occur for another five to eight years; (2) Giles has conceded he has no right to get into a specific apartment; (3) there is no evidence of racial discrimination; and (4) Giles does not have a viable pretext argument

3

based on Alto's alleged deviations from its normal calculation methods. We agreed with the district court's reasoning and found no abuse of discretion. *See id.* at 509-10.

The case then proceeded in district court. During the discovery phase, Giles resisted providing his complete financial information and filed a motion for a protective order. But the district court made clear that Giles's finances are at the center of this lawsuit and ordered him to produce all documentation related to his ability to qualify for the new apartment (including his 2016 and 2017 tax returns and his 2017 profit and loss statement), which he did. Alto ultimately moved for summary judgment on all of Giles's claims. The district court granted summary judgment in Alto's favor, and Giles filed this timely appeal.

## II.

We review the district court's grant of summary judgment de novo, applying the same standard that the district court applied. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Stated otherwise, "[t]he moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071 (10th Cir. 1998) (alteration and internal quotation marks omitted). "When applying this standard, we examine the record and

4

reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *Id.*

Giles's claims are based on alleged circumstantial evidence of discrimination, so the three-part burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), applies.  *See Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989) (stating that the *McDonnell Douglas* framework applies to FHA claims); *see also Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 919 (10th Cir. 2012) (stating that the *McDonnell Douglas* framework is "entrenched" in the FHA context).

This means that Giles "first must come forward with proof of a prima facie case of discrimination," *Asbury*, 866 F.2d at 1279.  If he does so, the burden shifts to Alto to produce evidence that it "was motivated by legitimate, non-racial considerations," *id.*  If Alto articulates non-discriminatory reasons, the burden shifts back to Giles to "show there is a genuine issue of material fact as to whether the proffered reasons are pretextual."  *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 884 (10th Cir. 2018) (internal quotation marks omitted).  Giles can show pretext by demonstrating that (1) "the proffered reason is factually false," *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1218 (10th Cir. 2013); (2) discrimination was a primary factor in Alto's decision, as evidenced by the fact that Alto's proffered reason is so weak and implausible that a reasonable fact finder could deem it unworthy of credence, *see id.*; or (3) Alto acted contrary to a written or unwritten company policy or practice, *see DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 970 (10th Cir. 2017).

5

In resolving Alto's summary judgment motion, the district court first concluded that Giles did not show direct evidence of discriminatory intent. It then conducted a *McDonnell Douglas* analysis. It did not delve into whether Giles established a prima facie case of racial discrimination based on circumstantial evidence, but instead focused on the second and third steps of *McDonnell Douglas*.

At the second step, the district court held that Alto met its burden of showing a legitimate, non-discriminatory reason for its denial of Giles's housing application—namely, it could not verify that Giles met the income requirements based on the documentation he provided. In reaching this conclusion, the district court discussed the income-verification process in detail and explained how Alto complied with the procedures that administrators of the Low Income Housing Tax Credit Program must follow. Those procedures are set forth in a manual published by the Colorado Housing and Finance Authority ("CHFA"), which in turn references subsidized-housing guidelines, a handbook published by the Department of Housing and Urban Development ("HUD"), and the Internal Revenue Code.

At the third step, the district court placed Giles's pretext argument within the third category discussed above, characterizing it as an argument that Alto had deviated from the stated or written policy contained in the CHFA manual. The district court acknowledged that the application process for subsidized housing can be confusing and that aspects of the minimum and maximum income limitations seem to "make[] no sense," R., Vol. II at 103 n.1. But it carefully dissected each of Giles's arguments alleging failure to comply with the CHFA manual and concluded that Alto

6

did its best to adhere to the governing procedures. Thus, the district court held that Giles failed to show a genuine dispute of material fact as to whether Alto's proffered reason for denying his application was pretextual. It also determined that Giles failed to produce any evidence whatsoever suggesting that Alto denied his application because of his race. For all these reasons, the district court granted summary judgment to Alto.

III.

On appeal, Giles asserts that the district court misinterpreted the Internal Revenue Code when it found that Alto met its burden of showing a legitimate, non-discriminatory reason for its denial of Giles's housing application, and also erred in rejecting his pretext theory. To support both of these assertions, Giles largely reiterates the arguments he made below regarding Alto's failure to comply with the CHFA manual that spells out how to calculate income. The gist of his contention seems to be that Alto (and later the district court) should have looked at his annual or gross income instead of his net income to determine if he qualified for the Alto Apartments. According to Giles, Alto's calculations and methodology run so far afield from the broad definition of "income" in the Internal Revenue Code and relevant state and federal handbooks that it did not sustain its burden at step two of the analysis; furthermore, Alto's reason for denying his application must be a pretext for racial discrimination at step three.

Giles further asserts that the district court's order amounts to improper "judicial legislation" that effectively undoes Congress's subsidized-housing

7

legislation and its plan to allocate affordable housing to those in need. *See, e.g.*, Aplt. Opening Br. at 6, 13, 17, 41. Expanding upon his judicial-legislation argument, Giles contends the district court's order violates his constitutional rights by pronouncing a "facially unconstitutional *ex post facto* rule," *id.* at 28.

We construe Giles's pleadings liberally because he proceeds pro se. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even under that standard, we are not persuaded by his arguments. We agree with the district court's careful analysis and affirm for substantially the same reasons stated in its order granting summary judgment. *See* R., Vol. II at 102-17.[2]

## IV.

Last, we consider Giles's "Motion for Judicial Notice" of six categories of documents. To the extent the motion asks us to "instruct[] the district court and subsequent jury to accept the noticed fact[s] as conclusive" under Federal Rule of Evidence 201(f), Aplt. Mot. for Jud. Notice at 19, it is now moot. We deny the remainder of the motion because Giles has not established that judicial notice is necessary and appropriate under Federal Rule of Evidence 201. We note, however,

---

[2] Because Alto prevails on summary judgment based on the second and third steps of the *McDonnell Douglas* analysis, we need not delve into Giles's appellate argument regarding the first step—i.e., that the evidence he presented created a genuine issue of material fact as to whether he established a prima facie case by qualifying for housing. And because we agree with the district court's reasoning and the result in this case, we need not reach his argument that its summary judgment order constitutes impermissible judicial legislation and violated his constitutional rights.

that we were able to fully consider the parties' arguments without taking judicial notice of the documents listed in the motion.

In addition to seeking judicial notice, the motion asks us to find that the district court abused its discretion by failing to rule on a similar, partially overlapping filing entitled, "Request for Judicial Notice." Giles did not make this argument in his principal briefs, so it is not properly before us. *See* Fed. R. App. P. 28(a)(8)(A). "Consistent with [the requirement in Rule 28(a)(8)(A)], we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

V.

We deny Giles's motion for judicial notice. We affirm the district court's judgment.

Entered for the Court


Allison H. Eid
Circuit Judge

9